18-1994-cr(L)
United States v. Rosario

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty- one.

PRESENT:
> ROBERT D. SACK,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

---------------------------------------------------------

UNITED STATES OF AMERICA,
> *Appellee,*

-v-                                      18-1994-cr(L),
                                         19-2399-cr(CON)

IVAN ROSARIO, AKA "GHOST,"
> *Defendant-Appellant.*

---------------------------------------------------------

FOR DEFENDANT-APPELLANT:    MICHAEL P. JOSEPH, Kliegerman & Joseph, LLP, New York, NY.

FOR APPELLEE: JOSEPH VIZCARRONDO, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED IN PART.

Defendant-Appellant Ivan Rosario appeals from the judgment of the District Court (Bryant, J.) convicting him of obstruction of justice based on the destruction of evidence and sentencing him principally to 210 months' imprisonment. The jury acquitted Rosario of unlawful possession of a firearm and obstruction of justice based on witness tampering; it was unable to reach a verdict as to the narcotics conspiracy count; and it convicted Rosario of obstruction of justice based on the destruction of evidence. With respect to the issues that are the subject of this summary order, we assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm in part. Rosario's challenge to the District Court's application of a two-level enhancement pursuant

to U.S.S.G. § 3C1.1 based on his trial testimony is resolved by separate opinion filed simultaneously with this order.

Rosario makes a number of arguments on appeal:  (1) the evidence was insufficient to prove the offense of conviction; (2) the district court mishandled an issue of juror misconduct; and (3) the sentence was procedurally unreasonable.

1.    The Sufficiency of the Evidence

Rosario argues that the evidence was insufficient to support his conviction for inducing another to destroy evidence.  "A defendant challenging the sufficiency of the evidence 'bears a heavy burden,' . . . because a reviewing court must sustain the jury's guilty verdict if, 'viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  United States v. Desnoyers, 637 F.3d 105, 109 (2d Cir. 2011) (first quoting United States v. Aguilar, 585 F.3d 652, 656 (2d Cir. 2009); and then quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in original).  Given the transcripts of Rosario's phone calls — in which he demanded that the mother of his child, with the help of his own mother, destroy a cell phone — we hold that the evidence was sufficient for

3

a reasonable jury to find that Rosario induced another to destroy evidence relevant to a criminal proceeding against him. See 18 U.S.C. § 1512(b)(2)(B).

2.	Juror Misconduct

Rosario next argues that the District Court mishandled an incident of purported juror misconduct and that it should have granted his motion for a mistrial. Several days into the jury's deliberations, the courtroom deputy happened upon two jurors discussing another juror who was purportedly refusing to deliberate. The District Court conducted a limited inquiry, asking the Foreperson whether the juror was refusing to deliberate and whether repeating the Allen charge to the jury would cure the problem. See Allen v. United States, 164 U.S. 492 (1896). The District Court then concluded that the jurors overheard by the deputy were discussing the jury dynamic, not inappropriately engaging in deliberations on their own, and that repeating the Allen charge to the jury was the best way to address the purported misconduct of the single juror without unduly interfering with the jury dynamic.

"We review a trial judge's handling of juror misconduct for abuse of discretion . . . . In conducting our review, we keep in mind that courts face a delicate and complex task whenever they undertake to investigate reports of

4

juror misconduct or bias during the course of a trial." United States v. Abrams, 137 F.3d 704, 708 (2d Cir. 1998) (quotation marks and brackets omitted). Here, the District Court acted within its discretion by addressing the purported misconduct as it did, inquiring discreetly while preserving the integrity of the jury's deliberations. See United States v. Thomas, 116 F.3d 606, 618 (2d Cir. 1997).

3. Procedural Reasonableness

Finally, Rosario argues that his sentence of 210 months' imprisonment is procedurally unreasonable. He submits that the trial court violated his Sixth Amendment rights in calculating the Guidelines range based on a finding that he was involved in a conspiracy to distribute at least 30 kilograms of heroin. His argument is unpersuasive, however, because the District Court's fact-finding was designed to guide its discretion under the Sentencing Guidelines, not to determine the statutory minimum or maximum penalty. Compare United States v. Haymond, 139 S. Ct. 2369, 2377–78 (2019) (noting that judicial fact-finding that increases the statutory minimum or maximum penalty is barred by the Sixth Amendment), with Alleyne v. United States, 570 U.S. 99, 116 (2013) ("We have long recognized that broad sentencing discretion, informed by judicial

5

factfinding, does not violate the Sixth Amendment.").  Moreover, while the jury was not able to reach a verdict as to the narcotics trafficking count, we have held that a court may sentence a defendant based even on acquitted conduct, see, e.g., United States v. Vaughn, 430 F.3d 518, 526 (2d Cir. 2005), "provided that it finds by a preponderance of the evidence that the defendant committed the conduct," United States v. Pica, 692 F.3d 79, 88 (2d Cir. 2012).  The District Court could find, by a preponderance of the evidence, that Rosario was involved in trafficking at least 30 kilograms of heroin.

Further, we find that the District Court appropriately applied the Sentencing Guidelines by calculating a base offense level of 30.  The Guidelines advise a district court to sentence a defendant as an accessory after the fact if that sentence is greater than the sentence for obstruction of justice.  See U.S.S.G. § 2J1.2(c).  The base offense level for an accessory after the fact is "6 levels lower than the offense level for the underlying offense," U.S.S.G. § 2X3.1(a)(1), but is capped at level 30, see U.S.S.G. § 2X3.1(a)(3).  Rosario's conspiracy to distribute heroin offense, with the enhancements the District Court found for firearms, premises, and role, would be 44 for 30 kilograms of heroin or 38 for 1 kilogram of heroin.  See U.S.S.G. § 2D1.1(b)(1), (b)(12), (c)(2), (c)(5); U.S.S.G § 3B1.1(a).  Either

6

way, the level 30 cap applies. See U.S.S.G. § 2X3.1(a)(3). And we find no error in the District Court's application of a two-level enhancement under U.S.S.G. § 3B1.1(c) for Rosario's decision to enlist his mother and his child's mother in destroying evidence.[1]

We have considered Rosario's remaining arguments that are not the subject of the accompanying opinion and conclude that they are without merit.[2] For the foregoing reasons, we **AFFIRM IN PART** the judgment of the District Court.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

---

[1] On appeal, Rosario also argues that role, obstruction of justice, and victim enhancements cannot be applied under U.S.S.G. § 2X1.3 if the base offense level is calculated to be 30. Rosario failed to raise this argument below, so plain error analysis applies. See United States v. Skelly, 442 F.3d 94, 99 (2d Cir. 2006). We have never considered this question, and therefore hold that the District Court did not plainly err in finding that these enhancements could be added to a base offense level of thirty.

[2] The Government's motion for leave to file a response to Rosario's pro se supplemental letter is GRANTED. In his supplemental letter, Rosario argues that he was denied his right to counsel at his sentencing hearing. This argument is without merit, however, as Rosario was afforded counsel and his appointed standby counsel assisted him during sentencing.